UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KEELON J. SENEGAL,<br>Petitioner | CIVIL ACTION NO. 1:17-CV-806-P |
| VERSUS | CHIEF JUDGE DEE D. DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Keelon J. Senegal ("Senegal") (#45142-079). Senegal is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Senegal challenges a sentence imposed in the United States District Court for the Southern District of Texas.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. Background

Senegal was convicted of conspiracy to commit bank robbery with a firearm, bank robbery with a firearm, use and brandishing of a firearm during a crime of violence, two counts of being a felon in possession of a firearm, tampering with a witness, and use carrying, brandishing, and discharge of a firearm during a crime of violence. (3:06-cr-0008, S.D. Tex.; Doc. 449). Senegal was sentenced to: "60 months on Count One, 300 months on Count Two, Life on Count Three, 360 months on Count

Four, 240 months on Count 5, 240 months on Count Six, Life on Count Seven to run consecutive to all other counts, and 360 months on Count Eight. Counts One, Two, Four through Six, and Count Eight all run concurrently. Count Three runs consecutively to the others and is followed by Count Seven which runs consecutively to Count Three." United States v. Senegal, No. CA C-3:11-292, 2014 WL 3056860, at *1 (S.D. Tex. July 7, 2014). The Fifth Circuit affirmed Senegal's conviction and sentence. United States v. Senegal, 371 Fed. App'x. 494 (5th Cir., Mar. 23, 2010) (per curiam).

Senegal filed a motion for new trial, which was denied. (3:06-cr-0008, S.D. Tex.; Doc. 200). Senegal then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied on the merits. United States v. Senegal, No. CA C-3:11-292, 2014 WL 3056860, at *1 (S.D. Tex. July 7, 2014). Senegal's motion for certificate of appealability was denied by the Fifth Circuit. (3:06-cr-0008, S.D. Tex.; Doc. 449).

Senegal was later granted permission by the Fifth Circuit to file a successive § 2255 motion challenging his conviction and sentence for two counts of possession of a firearm by a convicted felon. (3:06-cr-0008, S.D. Tex.; Doc. 450). Senegal filed the motion, seeking relief in light of the Supreme Court's opinions in Johnson v. United States, 132 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 1257, 1268 (2016). Senegal's § 2255 motion remains pending in the court of conviction, as it was stayed pending rulings by the Fifth Circuit in two relevant cases. (3:06-cr-0008, S.D. Tex.; Docs. 465, 466).

2

Senegal filed the § 2241 petition before this Court, claiming entitlement to relief under Mathis, Hinkle, and Johnson v. United States, 544 U.S. 295 (2005).

II. Law and Analysis

Senegal seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate is squarely on the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. To fall under the savings clause, a petitioner must demonstrate that: (1) his claims are based on a retroactively applicable Supreme Court decision, which establishes that he may have been convicted of a nonexistent offense; and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion. See Reyes–Requena, 243 F.3d 893, 904 (5th Cir. 2001).

First, because his § 2255 motion is still pending in the sentencing court and has not been denied, Senegal cannot show that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See Pearson v. Carvajal, No. 1:13-CV-822, 2013 WL 3778956, at *1 (W.D. La. July 17, 2013); Puff v. Martin,

3

No. 1:11-CV-600, 2011 WL 6327934, at *1 (E.D. Tex. Nov. 15, 2011), report and recommendation adopted, No. 1:11-CV-600, 2011 WL 6327645 (E.D. Tex. Dec. 14, 2011); McIntosh v. Martin, No. 1:11-CV-550, 2011 WL 6327247, at *1 (E.D. Tex. Nov. 14, 2011), report and recommendation adopted, No. 1:11-CV-550, 2011 WL 6326748 (E.D. Tex. Dec. 15, 2011) (because petitioner's § 2255 motion is still pending, he clearly has another remedy to attack his underlying criminal conviction and test the legality of his detention); Booth v. Bragg, No. EP-08-CR-268-FM, 2008 WL 4082263, at *1 (W.D. Tex. Aug. 28, 2008).

Additionally, neither of the Supreme Court cases cited by Senegal in his § 2241 petition—Mathis v. United States, 136 S. Ct. 2243 (2016) or Johnson v. United States, 544 U.S. 295 (2005)—set forth a new rule of constitutional law that has been made retroactive to cases on collateral review. See In re Lott, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive application under § 2255(h)(2) because Mathis did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review); Holt v. United States, 843 F.3d 720, 722 (7th Cir. 2016) (Mathis has not been declared retroactive by the Supreme Court). Senegal has pointed to no Supreme Court case holding that Johnson—not to be confused with the 2015 Johnson case previously mentioned—applies retroactively to cases on collateral review.

Additionally, in United States v. Hinkle, 832 F.3d 569, 574 (5th Cir. 2016), the appellate court applied Mathis on direct appeal, not collateral review. See Hinkle, 832 F.3d at 574-577 (vacating sentence on appeal because defendant's prior Texas

4

conviction for delivery of heroin did not qualify as a controlled substance offense under the career offender provision). Thus, Hinkle does not support Senegal's claim.

III. Conclusion

Because Senegal cannot meet the savings clause, IT IS RECOMMENDED that his § 2241 petition be DENIED and DISMISSED with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __7th__ day of August, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge